UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAMON SAUL SILVA, JR,

               Plaintiff,

v.

BENJAMIN SANDERS,

               Defendant.

CASE NO. 2:21-CV-472-RAJ-DWC

ORDER TO FILE AMENDED COMPLAINT

Plaintiff Ramon Saul Silva, Jr., proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court declines to serve the Complaint but provides Plaintiff leave to file an amended pleading by May 26, 2021, to cure the deficiencies identified herein.

**I.    Background**

Plaintiff, who appears to have been a pretrial detainee housed at the King County Jail ("the Jail") during all relevant times, alleges Defendant Benjamin Sanders acted with deliberate indifference by failing to provide Plaintiff with corrective glasses. Dkt. 5.

ORDER TO FILE AMENDED COMPLAINT - 1

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

Plaintiff has failed to state a claim upon which relief can be granted. Thus, Plaintiff's Complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

In the Complaint, Plaintiff states he arrived at the Jail without his corrective glasses, which he needs to see. Dkt. 5, p. 4. Plaintiff submitted requests to the Jail's medical department requesting he be provided with an eye exam and corrective glasses because he was in pain due to eye strain. *Id*. at p. 5. He also states he motioned the court for an order to require the Jail to provide him with glasses.[1] *Id*. Defendant Sanders allegedly provided a declaration to the court stating the Jail does not provide corrective glasses. *Id*. Plaintiff contends the Jail's medical department denied him glasses for several months and, as a result, Plaintiff suffered pain and deterioration of his eyes. *Id*.

Defendant Sanders is the sole defendant named in this action. Plaintiff states only that Defendant Sanders provided a declaration to the court stating the Jail does not provide corrective glasses. Dkt. 5. Plaintiff has not sufficiently alleged any wrong-doing by Defendant Sanders or alleged how, specifically, Defendant Sanders' actions violated Plaintiff's constitutional rights. For example, there are no allegations that Defendant Sanders treated Plaintiff or acted with deliberate indifference in denying Plaintiff glasses. Therefore, Plaintiff's allegations are insufficient to show Defendant Sanders violated his constitutional rights. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state § 1983 claims). Accordingly, Plaintiff has failed to state a claim upon which relief can be granted.

**III.     Instructions to Plaintiff and the Clerk**

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the

---

[1] The Court presumes Plaintiff filed a motion with the state court.

person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before May 26, 2021, the undersigned will recommend dismissal of this action.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint. The Clerk is further directed to provide Plaintiff with copies of this Order and Pro Se Instruction Sheet.

Dated this 26th day of April, 2021.

David W. Christel
United States Magistrate Judge