1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10   RAMON SAUL SILVA, JR,

11                      Plaintiff,

12         v.

13   BENJAMIN SANDERS,

14                      Defendant.

CASE NO. 2:21-CV-472-RAJ-DWC

ORDER DENYING MOTION TO
COMPEL AND MOTION FOR
EXPERT

15

16         Plaintiff Ramon Saul Silva, Jr., proceeding *pro se* and *in forma pauperis*, initiated this

17   civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* Dkt. 1, 5. Currently before the Court are

18   Plaintiff's Motion for an Order to Compel and Motion for Court Appointed Expert. Dkt. 16, 21.

     After consideration of the record, the Motions (Dkt. 16, 21) are denied.[1]

19         **I.      Motion to Compel (Dkt. 16)**

20

21         On September 11, 2021, Plaintiff filed the Motion to Compel, wherein Plaintiff requests a

     Court order directing Defendant Benjamin Sanders to respond to discovery requests. Dkt. 16. A

22

23

24         [1] Plaintiff filed a Motion to Compel Disclosure on November 6, 2021. Dkt. 24. This Motion is not ready for
     the Court's consideration until November 26, 2021.

1  party may obtain discovery regarding any nonprivileged information that is relevant to any claim

2  or defense in his or her case. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery has

3  established the request meets this relevancy requirement, "the party opposing discovery has the

4  burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining

5  or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009).

6  When a party believes the responses to his discovery requests are incomplete, or contain

7  unfounded objections, he may move the court for an order compelling disclosure. Fed. R. Civ. P.

8  37.

9          Pursuant to Federal Rule of Civil Procedure 37(a)(1):

10         . . . The motion must include a certification that the movant has in good faith
           conferred or attempted to confer with the person or party failing to make disclosure
11         or discovery in an effort to obtain it without court action.

12  *See also* LCR 37(a)(1). "A good faith effort to confer with a party or person not making a

13  disclosure or discovery requires a face-to-face meeting or a telephone conference." LCR

14  37(a)(1). If the movant fails to include such a certification, the court may deny the motion

15  without addressing the merits of the dispute. *Id*.

16         In the Motion to Compel, Plaintiff states he attempted to meet and confer with

17  Defendant's counsel by phone and email. Dkt. 16 at 2. Defendant's counsel filed a response

18  stating she did not receive any email from Plaintiff and was not aware he attempted to call her.

19  Dkt. 19; *see also* Dkt. 20. The evidence also shows Defendant's counsel informed Plaintiff that

20  Defendant would respond to the discovery requests by September 15, 2021. Dkt. 19, 20.

21         While Plaintiff states he attempted to meet and confer with Defendant's counsel, the

22  record fails to show the parties sufficiently met the meet and confer requirements in an effort to

23  resolve the discovery dispute without Court action. Further, at this time, it appears Defendant

24

ORDER DENYING MOTION TO COMPEL AND
MOTION FOR EXPERT - 2

1   may have responded to Plaintiff's discovery requests. *See* Dkt. 20 (discovery responses were

2   going to be completed on September 15, 2021). Therefore, Plaintiff's Motion to Compel (Dkt.

3   16) is denied without prejudice.

4       **II.       Motion for Expert (Dkt. 21)**

5       Plaintiff filed a Motion for Court Appointed Expert on September 23, 2021, requesting

6   the Court appoint an expert to assist in the fact finding regarding Plaintiff's medical disorders

7   and treatment. Dkt. 21.

8       Federal Rule of Evidence 706 allows the court to appoint a neutral expert. *Students of*

9   *Cal. Sch. For the Blind v. Honig,* 736 F.2d 538, 549 (9th Cir. 1984), *vacated on other grounds,*

10  471 U.S. 148 (1985). The determination to appoint an expert rests solely in the court's discretion

11  and the complexity of the matters to be determined and the need for neutral expert review.  *See*

12  *Leford v. Sullivan,* 105 F.3d 354, 358-59 (9th Cir. 1997). "Appointment [of expert witnesses]

13  may be appropriate when 'scientific, technical, or other specialized knowledge will assist the

14  trier of fact to understand the evidence or decide a fact in issue....' " *Levi v. Director of*

15  *Corrections,* 2006 WL 845733 (E.D. Cal. March 31, 2006) (citing *Ledford v. Sullivan,* 105 F.3d

16  354, 358–59 (7th Cir. 1997). However, "[r]easonably construed, [Rule 706] does not

17  contemplate the appointment of, and compensation for, an expert to aid one of the parties."

18  *Walker v. Woodford,* 2008 WL 793413 (S.D. Cal., March 24, 2008) (citation omitted).

19      The issue in this case is whether Defendant acted with deliberate indifference to

20  Plaintiff's serious medical needs in his treatment of Plaintiff's complaints of eye pain and

21  headaches while Plaintiff was housed at the King County Jail in 2019. Dkt. 5. While Plaintiff

22  states a medical expect should be appointed to assist the Court, it appears Plaintiff requests the

23  appointment of an expert for his benefit alone. *See* Dkt. 21. Essentially, Plaintiff is requesting the

24

ORDER DENYING MOTION TO COMPEL AND
MOTION FOR EXPERT - 3

1  Court appoint an expert to serve as his advocate and to create a triable issue of fact, i.e. show that

2  Plaintiff suffers from a serious medical need and treatment of that need is medically necessary.

3  *See id*. This, however, is not the function of a neutral expert witness. *See Spinks v. Lopez*, 2014

4  WL 411283, at *2 (E.D. Cal. Feb. 3, 2014), *subsequently aff'd,* 623 F. App'x 499 (9th Cir. 2015)

5  ("The appointment of an expert witness under Rule 706 is intended to benefit the trier of fact, not

6  a particular litigant[.]"). *Bontemps v. Lee,* 2013 WL 417790, at *3–4 (E.D. Cal. Jan.31, 2013);

7  *Gamez v. Gonzalez,* 2010 WL 2228427, at *1 (E.D.Cal. Jun. 3, 2010).

8      To the extent Plaintiff's request can be construed as a request for a neutral expert, the

9  facts of this case are not extraordinary and the legal issues are not complex. *See Sloan v.*

10  *Oakland Police Dep't*, 376 F. App'x 738, 740 (9th Cir. 2010); *Honeycutt v. Snider,* 2011 WL

11  6301429, at *1 (D. Nev. Dec. 16, 2011) ("The appointment of experts in deliberate indifference

12  cases is rare, and such requests should be granted sparingly, particularly given the large volume

13  of cases in which indigent prisoners allege claims under the Eighth Amendment related to

14  medical care, and the substantial expense defendants may have to bear if courts were to appoint

15  experts in such cases."). At this stage of litigation, the Court does not need a neutral expert to

16  determine any issues in this case. Accordingly, Plaintiff's Motion for Court Appointed Expert

17  (Dkt. 21) is denied.

18      **III.    Conclusion**

19      For the above stated reasons, Plaintiff's Motion to Compel (Dkt. 16) and Motion for

20  Court Appointed Expert (Dkt. 21) are denied.

21      Dated this 22nd day of November, 2021.

22

23      David W. Christel

24      United States Magistrate Judge

ORDER DENYING MOTION TO COMPEL AND
MOTION FOR EXPERT - 4