UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAMON SAUL SILVA, JR,

             Plaintiff,

   v.

BENJAMIN SANDERS,

             Defendant.

CASE NO. 2:21-CV-472-RAJ-DWC

ORDER DENYING MOTION TO COMPEL

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Presently before the Court is Plaintiff Ramon Saul Silva, Jr.'s Motion to Compel Disclosure. Dkt. 24. After considering the relevant record, the Motion to Compel is denied.

On November 6, 2021, Plaintiff, who is proceeding *pro se*, filed the Motion to Compel, wherein he requests the Court order Defendant Benjamin Sanders to provide:

1. All medical kites, responses to medical kites, and medical grievances regarding Plaintiff's requests for glasses from 2018 through the present;
2. Requests for Admission that are signed under oath by Defendant Sanders; and
3. Answers to Requests for Admission 2, 9-11, and 14-16.

Dkt. 24.

A party may obtain discovery regarding any nonprivileged information that is relevant to any claim or defense in his or her case. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery has established the request meets this relevancy requirement, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). When a party believes the responses to his discovery requests are incomplete, or contain unfounded objections, he may move the court for an order compelling disclosure. Fed. R. Civ. P. 37. The movant must show he conferred, or made a good faith effort to confer, with the party opposing disclosure before seeking court intervention. *Id.*

Defendant argues the Motion to Compel should be denied because (1) the kites and grievances have been produced; (2) attorneys may sign requests for admission; and (3) Defendant's response to Requests for Admission 2, 9-11, and 14-16 were proper. Dkt. 27.

First, Plaintiff states Defendant failed to submit all the discovery related to his kites and medical grievances. Dkt. 24. Plaintiff contends he was able to obtain additional kites and medical grievances from a public records request. *Id*. Defendant's counsel believes Plaintiff has been provided with all response records known to Defendant. Dkt. 28, Froh Dec. Plaintiff has not provided sufficient evidence for this Court to find Defendant has failed to provide all documents within his possession. Further, it appears Plaintiff has other means for obtaining the documents he now requests from Defendant. As there is evidence showing Plaintiff received the all the requested evidence within Defendant's possession and has other means for obtaining the information he is requesting, the Court declines to compel Defendant to produce additional, unspecified, kites and medical grievances. However, if Defendant discovers additional kites or grievances, Defendant is directed to provide those to Plaintiff at that time.

Second, Plaintiff states requests the Court compel Defendant to provide responses to the Requests for Admission that are signed under oath. Dkt. 24. Under Federal Rule of Civil Procedure 36(a)(3), a written answer or objection to a request for admission must be "signed by the party or its attorney." Defendant's responses to Plaintiff's Requests for Admission were signed by Defendant's attorney. *See* Dkt. 28 at 11-18. Rule 36 allows for the responses to be signed by the attorney. The Court, therefore, finds Plaintiff's objection to the responses to his Requests for Admission to be without merit. The Court will not order Defendant to sign, under oath, his responses to Plaintiff's Requests for Admission.

Finally, Plaintiff seeks an order compelling answers to Requests for Admission 2, 9-11, and 14-16. Dkt. 24. The Court finds the parties have not met and conferred regarding these specific Requests for Admission. Plaintiff provided a generalized statement saying he met and conferred with Defendant's counsel on November 4, 2021 by telephone. Dkt. 25 at 2. Defendant's counsel states that, to her recollection, Plaintiff did not raise specific concerns about the responses made to Requests for Admission 2, 9-11, or 14-16. Dkt. 28, Froh Dec., ¶ 7. As Plaintiff has not provided specific evidence showing the parties met and conferred regarding Defendant's responses to Requests for Admission 2, 9-11, or 14-16, the request for relief is denied.

The Court, however, has reviewed Defendant's responses to Plaintiff's Requests for Admission 2, 9-11, and 14-16. *See* Dkt. 28 at 11-18. Plaintiff contends Defendant changed the Requests for Admission to blur or confuse the issues. Dkt. 24. Plaintiff has not shown, nor does the Court find, the responses are inadequate. Therefore, had the parties met and conferred, the Court would still decline to order Defendant to provide different responses to Plaintiff's Requests for Admission 2, 9-11, and 14-16.

In conclusion, the Court declines to compel Defendant to provide: (1) all medical kites, responses to medical kites, and medical grievances regarding Plaintiff's requests for glasses from 2018 through the present; (2) responses to Plaintiff's Requests for Admission that are signed under oath by Defendant; and (3) different responses to Plaintiff's Requests for Admission 2, 9-11, and 14-16. Therefore, Plaintiff's Motion to Compel (Dkt. 24) is denied.

Dated this 13th day of December, 2021.

David W. Christel
United States Magistrate Judge