UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAMON SAUL SILVA, JR,

        Plaintiff,

v.

BENJAMIN SANDERS,

        Defendant.

CASE NO. 2:21-CV-472-RAJ-DWC

ORDER DENYING PLAINTIFF'S MOTIONS

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Presently before the Court are Plaintiff Ramon Saul Silva, Jr.'s "Motion for an Order" and "Motion for Postponement of Ruling on Def. Motion for Summary Judgment" ("Motion for Deferment"). Dkt. 37, 38. After considering the record, the Motion for an Order (Dkt. 37) and the Motion for Deferment (Dkt. 38) are denied.

    **I.**     **Motion for an Order (Dkt. 37)**

On December 28, 2021, Plaintiff filed the "Motion for an Order" requesting the Court order all filings in this case be sent to him via the United States Postal Service ("USPS"). Dkt.

37. Plaintiff contends the prison officials are not providing him with timely copies of Court filings and Court filings are being treated as regular mail. *Id*.

Plaintiff is required to participate in the e-filing program. While Plaintiff complains of the prison's handling of his mail, Plaintiff has not shown he has missed a deadline. Further, "[m]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996). Therefore, Plaintiff's Motion for an Order (Dkt. 37) requesting that all filings in this case be mailed via USPS is denied.

## II.   Motion for Deferment (Dkt. 38)

On December 31, 2021, Plaintiff filed a Motion for Deferment, wherein he requests the Court defer ruling on Defendant's Motion for Summary Judgment. Dkt. 38. Specifically, Plaintiff states he may be capable of acquiring additional evidence "by way of a private investigator that may assist this Court with its ruling." *Id*. The Court interprets Plaintiff's Motion as a request for the Court to defer considering the Motion for Summary Judgment under Federal Rule of Civil Procedure 56(d).

Rule 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). Under Rule 56(d), if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In order to prevail under Rule 56(d), the party opposing summary judgment must make "'(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Emp'rs*

*Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox,* 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.,* 784 F.2d 1472, 1475 (9th Cir. 1986)).

The Court finds Plaintiff has not met the procedural requirements of Rule 56(d). Plaintiff has not filed a declaration or affidavit identifying the evidence he seeks to obtain or that the evidence actually exists. Moreover, Plaintiff has not stated that he has hired a private investigator, only that he thinks a private investigator could help acquire potential evidence. In sum, Plaintiff's statement that he may be able to acquire additional evidence through a private investigator lacks the specificity and reliability this Court requires to defer ruling on the Motion for Summary Judgment. Accordingly, Plaintiff's Motion to Defer (Dkt. 38) is denied.

As Plaintiff's Motion to Defer was pending when his response to Defendant's Motion for Summary Judgment was due, the Court will allow Plaintiff a short extension to file a response to Defendant's Motion for Summary Judgment.

Plaintiff's response to Defendant's Motion for Summary Judgment must be filed on or before January 24, 2022.

Defendant's optional reply must be filed on or before January 28, 2022.

The Clerk is directed to re-note Defendant's Motion for Summary Judgment for (Dkt. 32) for January 28, 2022.

Dated this 11th day of January, 2022.

_____
David W. Christel
United States Magistrate Judge